James R. HARDING, Plaintiff,

v.

**CULVER EDUCATIONAL FOUNDATION, et al.,**
Defendants.

No. S85–299.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 26, 1986.

Neil D. O'Connor, Chicago, Ill., Thomas H. Singer, South Bend, Ind., for plaintiff.

R. Kent Rowe, South Bend, Ind., for defendant Culver Educational Foundation d/b/a Culver Military Academy.

Edward N. Kalamaros, South Bend, Ind., John M. Donaldson, Philip G. Alber, Lita H. Popke, Detroit, Mich., for defendant Brian Vidosh, Jr.

No appearance for defendant Martin Javier.

**12**

## MEMORANDUM and ORDER

MILLER, District Judge.

This cause comes before the court on plaintiff's motion for leave to file an amended complaint. Defendants, Culver Educational Foundation (hereinafter "Culver") and Brian Vidosh, Jr., have filed their objections to the motion, and the matter is ripe for ruling.

Plaintiff's motion to strike the joint status report filed on July 2, 1986 also pends before the court.

### I. The Motion for Leave to Amend Complaint

The plaintiff, James Harding, filed his original three-count complaint on May 28, 1985. Count I, brought against Culver, alleges that Culver was in the business of training young men and was responsible for the actions of defendants Vidosh and Martin Javier, who, while allegedly attempting to discipline plaintiff Harding, slipped and fell, pulling Mr. Harding to the ground. Injuries from that fall rendered Mr. Harding a quadriplegic. Counts II and III, naming defendants Vidosh and Javier, respectively, were based on a theory of negligence. Each count of the original complaint sought only compensatory damages against the named defendant.

Mr. Harding now seeks to amend his complaint to include an allegation of willful, wanton, and/or malicious misconduct by each defendant, and to request punitive damages from each defendant. Culver and Mr. Vidosh argue that because they are uninsured against a punitive damages claim, inclusion of such a claim would be unduly prejudicial. Culver contends that addition of a punitive damages claim would force it to retain separate counsel to represent its uninsured interest, resulting in additional expenditures and duplication of work effort.

The defendants also maintain that Mr. Harding's motion to amend should be denied as untimely: this action was filed over fifteen months ago, discovery has been ongoing, and (the defendants contend) Mr. Harding had knowledge of facts that could have supported the punitive damages claims at the time the original complaint was filed.

■ After a responsive pleading has been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires". Fed.R.Civ.P. 15(a). Granting or denial of leave to amend is within the trial court's discretion. *Knapp v. Whitaker*, 757 F.2d 827, 849 (7th Cir.1985), *citing Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Absent a reason, such as undue delay or undue prejudice to the opposing party due to the amendment, leave to amend should be "freely given". *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230.

■ That the defendants carry no insurance against a claim for punitive damages does not alone compel a finding of undue hardship or undue prejudice. Culver relies upon *Knapp v. Whitaker*, 757 F.2d 827 (7th Cir.1985), in which discovery had been completed and a pretrial order entered by the time the plaintiff sought to amend his complaint to add a punitive damages claim for which the defendants were uninsured. The court found that interjection of a punitive damages claim at that point of the proceedings would have forced the defendants to reopen discovery and seek separate counsel, resulting in delay and increased expense, thereby unduly prejudicing the defendants. The court of appeals affirmed the district court's denial of the motion to amend. *Knapp v. Whitaker*, 757 F.2d at 849.

The proceedings in this case have not progressed to the same stage as those in *Knapp*. While this case has been pending for over fifteen months, the parties have until January 30, 1987 to complete discovery under the scheduling deadlines set out in this court's order of August 11, 1986. No trial setting has been made.

The defendants contend that when Mr. Harding filed his original complaint he had knowledge of facts which could have supported allegations of willful and wanton misconduct. Mr. Harding, however, maintains that he obtained such information during the course of discovery, after the original action was filed.

That Mr. Harding may have been able to allege willful and wanton misconduct when the original complaint was filed does not automatically foreclose him from making those allegations at some later time. The defendants must show that they will be unduly prejudiced should the court allow Mr. Harding to amend his complaint at this stage of the proceedings. See *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The circumstances in this case do not support a finding of undue prejudice. The legal theories espoused in the proposed amended complaint are not so unrelated to the type of injury alleged that the defendants would be unaware of the potential for such liability. More than four months remain to complete discovery under the present scheduling deadline, and there is no indication that the discovery completed thus far will be for naught. The defendants have ample time to acquire the services of additional counsel, if necessary, to represent their interests on the punitive damages issues, and cooperation between original counsel and newly acquired counsel may hold duplication of work effort to a minimum.

For the foregoing reasons, Mr. Harding's motion for leave to amend the complaint should be, and hereby is, GRANTED.

## II. The Motion to Strike

Mr. Harding has moved to strike the joint status report that was filed in this cause on July 2, 1986. Mr. Harding raised the same objections to the report at the August 11, 1986 status conference. At that time, the court granted plaintiff leave to file a supplemental status report. See August 13, 1986, Scheduling Order and Memorandum of Status Conference. To the extent the motion to strike seeks identical relief, the motion is GRANTED. In all other respects, it is DENIED.

SO ORDERED.